IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMION COLLINS,

    Plaintiff,

v.

OVERLAND PARK URBAN AIR, LLC, et al.,

    Defendants.

Case No. 23-mc-212-JAR

## MEMORANDUM AND ORDER

Plaintiff Damion Collins brings this action asking the Court to confirm an arbitration award against Defendants that was entered on August 14, 2023, under the Federal Arbitration Act ("FAA").[1]  All Defendants responded and argued, *inter alia*, that this Court lacks subject matter jurisdiction to confirm the award because there is no federal question and the parties are not diverse.  On October 18, 2023, Plaintiff filed a motion to confirm the arbitration award in the District Court of Johnson County, Kansas lawsuit, No. 21-CV-04493.[2]  Before the Court is Plaintiff's Motion Requesting Stay of All Proceedings or in the Alternative Dismiss Without Prejudice (Doc. 11) pending the state court's decision on his motion to confirm.  Defendants UATP Management and UA Attractions, LLC have responded, opposing the motion.  They argue that there is no basis to stay the case since this Court lacks jurisdiction.  They argue that the Court instead should dismiss the case with prejudice.  Plaintiff did not file a reply.  As described more fully below, the Court denies Plaintiff's motion to stay and grants his alternative motion to dismiss without prejudice.

---

[1] 9 U.S.C. §§ 6, 9.

[2] Doc. 11-1.

As an initial matter, the Court agrees with Defendants that Plaintiff fails to demonstrate that a stay is warranted. Plaintiff acknowledges that he filed a motion in state court to confirm the same arbitration award after Defendants responded to his motion to confirm in this case by arguing that the state court, and not this Court, has jurisdiction to confirm. The only basis he cites for staying, rather than dismissing this action, is that he anticipates "that some if not all Defendants may challenge Judge Mason's authority to confirm this award on jurisdictional grounds if this Court dismisses."[3] But Plaintiff fails to support this claim. As the responding Defendants point out, every Defendant asserted in their response that this Court lacked jurisdiction. Because Defendants agree that Johnson County District Court has jurisdiction over confirmation of the arbitration award, the Court finds that dismissal instead of a stay is warranted.

A dismissal for lack of jurisdiction should be without prejudice.[4] Defendants argue that an exception to this rule applies to dismissals where the jurisdictional question is intertwined with the merits, and that that their jurisdictional arguments here are intertwined with the merits because subject matter jurisdiction is dependent on the same statute that provides the substantive claim in this case. While Defendants correctly state the general rule under the Tenth Circuit's decision in *Wheeler v. Hurdman*,[5] they fail to acknowledge the appropriate inquiry: "Under *Wheeler*, . . . the focus of the inquiry is not merely on whether the merits and the jurisdictional issue arise under the same statute. Rather the underlying issue is whether resolution of the

---

[3] Doc. 11 ¶ 7.

[4] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." (citations omitted)).

[5] 825 F.2d 257, 259 (10th Cir. 1987). If the Court were to find that the jurisdictional question is intertwined with the merits, it would resolve the issue under Fed. R. Civ. P. 12(b)(6) or 56. *Id.*

jurisdictional question requires resolution of an aspect of the substantive claim."[6]  Defendants fail to make this showing.  As they state, the FAA requires an independent jurisdictional basis for federal court jurisdiction.[7]  Defendants maintain that Plaintiff cannot establish an independent basis for jurisdiction because there is no federal question and the parties are not diverse.  But the legal issues that would determine whether there is an independent jurisdictional basis for filing suit in federal court do not overlap with the substantive issues involved in Plaintiff's confirmation request under the FAA.  Therefore, the *Wheeler* rule does not apply here, and this case is hereby dismissed without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion Requesting Stay of All Proceedings or in the Alternative Dismiss Without Prejudice (Doc. 11) is **granted in part and denied in part**.  Plaintiff's request for a stay is **denied**; Plaintiff's request for dismissal without prejudice is **granted**.  This case is hereby dismissed in its entirety without prejudice.

**IT IS SO ORDERED.**

Dated: December 12, 2023

                                      S/ Julie A. Robinson
                                      JULIE A. ROBINSON
                                      UNITED STATES DISTRICT JUDGE

---

[6] *Via Christi Reg'l Med. Ctr., Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, 361 F. Supp. 2d 1280, 1285 (D. Kan. 2005) (quoting *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000)).

[7] *Badgerow v. Walters*, 596 U.S. 1, 4, 8 (2022) (citing *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582, (2008)).